Hall, Judge.
 

 The judgment and proceedings on this writ of error, in the Salisbury Superior Court, reversing the judgment of Surry County Court, by which Jane Scott and her children were restored to their liberty, was introduced by the Defendant to prove that the Plaintiff was.a slave, he being a son of Jane Scott.
 

 Jn rendering judgment on the writ of error, the question, whether Jane Scott was a slave or not, ivas not
 
 examined;
 
 the ground of reversal of the County Court of Surry was, that the County Court, had not jurisdiction in such cases, but the Defendant relied upon it as evidence of his title.
 

 It appears that Abraham Cresong, who was party to that proceeding, did, on the 22d day of October, 1788, convey by deed, to William Terrill Lewis, the woman Jane Scott, and her children, and on the same day, executed a power of attorney to said Lew'is, under which lie received, from the Sheriff, Jane Scott and the Plaintiff, in consequence of a process issued for that purpose upon the reversal of the judgment of Surry County-Court. It was whilst Lewis was possessed of Jane Scott, and some of her children, perhaps not the Plaintiff, and claimed title to them, that he made the declaration which is the subject of the present question submitted to this Court.
 

 I will not say what I think ought to be the judgment of this Court, provided that record had not been offered in evidence by the Defendant, and provided it had appeared that William Terrill Lewis w'as
 
 dead;
 
 but I must say, that as Lewis claimed Jane Scott and her children, under Cresong, who had been party to the
 
 *110
 
 record when he made the declaration, that it was proper to give that declaration in evidence, to counteract any conclusion which might be drawn by the Jury, from the record, unfavourable to the Plaintiff.
 

 It will be seen that the conveyance had been made to Lewis, by Cresong, at the time when judgment was given on the writ of error, and if not the nominal, he was the real party to that
 
 proceeding;
 
 and as the Defendant wished to derive a benefit from the record, it was proper, under those circumstances, that the declarations of Lewis should accompany it, when offered in evidence. I, therefore, think the rule for a new trial should be discharged.
 

 And in this opinion the rest of the Court concurred.